DECISION
{¶ 1} Defendant-appellant, Lashawn Brown, appeals from the December 5, 2001 judgment entry of the Franklin County Court of Common Pleas, finding him guilty of possession of crack cocaine, and sentencing him to 17 months incarceration. For the reasons that follow, we affirm the judgment of the trial court.
{¶ 2} On May 30, 2001, appellant was indicted by the Franklin County Grand Jury on one count of receiving stolen property, and one count of possession of crack cocaine. On December 3, 2001, the case was tried before a jury in which appellant did not testify. The following facts are taken from the testimony of Ohio State Highway Trooper, Brian Alloy:
{¶ 3} On November 11, 2000, around 1:30 a.m., Trooper Alloy was traveling southbound on Interstate 71, near milepost 102, when he recognized a vehicle that matched the description of a vehicle involved in a shooting earlier that day. Trooper Alloy radioed the dispatcher to run a LEADS check of the license plate of the vehicle. Based on the information Trooper Alloy received, he excluded the vehicle as the one involved in the shooting. However, the dispatcher informed Trooper Alloy that the vehicle was a stolen vehicle.
{¶ 4} Trooper Alloy followed the vehicle and activated his overhead lights on the cruiser. After the vehicle slowed down to 10 to 15 miles per hour, but did not come to a complete stop, Trooper Alloy activated his siren. The vehicle pulled over to the right of the berm. Trooper Alloy approached the right side of the vehicle and observed a male driver, a female passenger, and an infant in the back seat of the vehicle. Trooper Alloy ordered the male driver and female passenger, at gunpoint, to exit the vehicle. Trooper Alloy placed the driver in investigative custody, handcuffed him, and placed him in the rear of the cruiser.
{¶ 5} Trooper Alloy's supervisor, who was one of the first backup officers on the scene, questioned the female occupant, while Trooper Alloy ran a LEADS check on the male driver's social security number obtained from the driver's identification card. Trooper Alloy identified the driver as appellant and placed him under arrest for receiving stolen property. Trooper Alloy conducted a search of appellant incident to his arrest. Trooper Alloy found a pill bottle in appellant's right front pocket of his jeans. Trooper Alloy opened the pill bottle and observed about four or five white-yellowish rocks. Trooper Alloy testified that "[w]ith my training and experience, I suspected it to be crack cocaine." (Tr. 17.) Appellant was subsequently placed under arrest for possession of crack cocaine. The female occupant was not charged and was released with her infant.
{¶ 6} Trooper Alloy transported appellant to the Franklin County Jail for processing. After appellant exited the rear seat of the cruiser, Trooper Alloy observed a clear baggie that was in plain view and slightly tucked into the crease of the back seat where appellant had been sitting. Trooper Alloy seized the baggie, and observed that it contained additional white-yellowish rocks and powder.
{¶ 7} On December 3, 2001, the jury found defendant guilty of possession of crack cocaine, a violation of R.C. 2925.11. Upon application by the state, and for good cause shown, the trial court entered a nolle prosequi order for one count of receiving stolen property as alleged in his indictment. On December 4, 2001, the trial court sentenced appellant to 11 months incarceration. It is from that sentencing entry that appellant appeals, raising the following sole assignment of error:
{¶ 8} "Appellant's conviction is against the manifest weight of the evidence."
{¶ 9} In his sole assignment of error, appellant states three instances where he contends that Trooper Alloy's testimony was not credible, thereby resulting in appellant's conviction being against the manifest weight of the evidence. Our review of the record reveals, however, that appellant's conviction is not against the manifest weight of the evidence.
{¶ 10} Even though a conviction may be supported by sufficient evidence, it may still be reversed as being against the manifest weight of the evidence. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. In so doing, the court of appeals, sits as a "`thirteenth juror'" and, after " `reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " Id. (quoting State v. Martin [1983], 20 Ohio App.3d 172, 175); see, also, Columbus v. Henry (1995),105 Ohio App.3d 545, 547-548. Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most " `exceptional case in which the evidence weighs heavily against the conviction.' " Thompkins, at 387. "When an appellant attacks the credibility of a witness on manifest weight grounds, it is inappropriate for a reviewing court to interfere with factual findings of the trier of fact which accepted the testimony of such witness unless the reviewing court finds that a reasonable juror could not find the testimony of the witness to be credible." State v. Long (Feb. 6, 1997), Franklin App. No. 96APA04-511.
{¶ 11} In this case, appellant first contends that while Trooper Alloy's cruiser was equipped with a videotape recorder to record traffic stops, the tape was cut off during part of the stop, and Trooper Alloy never turned the tape over to the prosecutor. Trooper Alloy explained that:
{¶ 12} "Nobody asked further to receive the tape after I was asked initially, and I told the lady that initially asked for the tape that the whole stop wasn't recorded, that something had happened with the tape, and they never proceeded to obtain a copy of the tape.
{¶ 13} "* * *
{¶ 14} "I received no written video request. That's standard procedure." (Tr. 28.)
{¶ 15} The fact that Trooper Alloy did not turn the videotape over to the prosecutor's office does not render his testimony incredible. There was sufficient, competent and credible evidence, notwithstanding the videotape not being turned over to the prosecutor's office, to entitle the jury to conclude beyond a reasonable doubt that appellant was guilty.
{¶ 16} Second, appellant contends that Trooper Alloy's testimony is not credible because, while Trooper Alloy testified that he handcuffed appellant behind his back, Trooper Alloy additionally testified that appellant removed a baggie containing crack cocaine from his person and shoved it into the crease of the rear seat of the cruiser. Trooper Alloy testified that, when he placed appellant in investigative custody, he patted down the outer layers of appellant's person to ensure appellant had no weapons on him before placing appellant in the cruiser. (Tr. 36-37.) Trooper Alloy testified that the search incident to appellant's arrest was more extensive. At that point, Trooper Alloy found the pill bottle that contained four or five rocks of crack cocaine. Trooper Alloy stated that the search incident to appellant's arrest was "slow and methodical. It's actual items coming out of pockets, checking waistbands." (Tr. 37.) Trooper Alloy stated that he did not strip search appellant, but based on his training and experience, it is common for a drug dealer to carry drugs in different places, such as "in the buttocks area, in shoes, in pockets, just about anywhere you can probably imagine." (Tr. 38.) Therefore, Trooper Alloy said that it was possible for appellant to be hiding the baggie somewhere on his person and, therefore, Trooper Alloy was not surprised to find the baggie of crack cocaine in plain view slightly tucked in the crease of the back seat of the cruiser after he took appellant out of the car.
{¶ 17} On direct, Trooper Alloy stated that "[i]t is our policy and procedure to check our seat whenever anyone is placed in the rear of my patrol vehicle. The seat is checked at the start of my shift to ensure there's nothing in the back seat of the vehicle." (Tr. 20.) Trooper Alloy stated that he checked the rear seat of the vehicle before his shift started, and before he placed appellant in the rear seat of the cruiser, and each time he conducted his inspection, the rear seat was clean. It was not until appellant was transported to the Franklin County Jail, and appellant exited the cruiser, that Trooper Alloy observed the baggie in plain view in the crease of the rear seat. Appellant has shown no good reason for this court to disturb the jury's verdict in this case. Appellant has not demonstrated how Trooper Alloy's testimony was inaccurate or unbelievable as to cause the jury to find his testimony not credible, and appellant guilty of possessing crack cocaine.
{¶ 18} Finally, appellant argues that Trooper Alloy's testimony is questionable because Trooper Alloy was an inexperienced trooper at the time he stopped appellant, and had only made four prior arrests for possession of crack cocaine. Trooper Alloy testified that he had been working as a trooper since April 2, 1999, enforcing traffic and criminal laws, and providing assistance to motorists. (Tr. 9, 41-42.) Trooper Alloy further testified that during that time he made four arrests for crack cocaine. (Tr. 26.)
{¶ 19} Appellant has not presented any evidence or case law demonstrating that Trooper Alloy's four prior crack cocaine arrests calls his testimony into question. After reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of Trooper Alloy, we find that the jury did not lose its way and created such a miscarriage of justice that appellant's conviction must be reversed and a new trial warranted. See Thompkins, supra. We find there was sufficient, competent, and credible evidence to entitle the jury to conclude beyond a reasonable doubt that appellant was guilty. Accordingly, the finding that appellant possessed crack cocaine is not against the manifest weight of the evidence. As such, appellant's sole assignment of error is not well-taken and is overruled.
{¶ 20} For the foregoing reasons, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and HARSHA, JJ., concur.
HARSHA, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.